Vandegrift v. Vandegrift.

---

JOSEPH VANDEGRIFT

*v.*

VIRGINIA C. VANDEGRIFT.

On a bill filed by a husband for a divorce *a vinculo*, on the ground that, at the time of the marriage, a former husband of his wife was living, the wife's application for counsel fees and alimony will not be refused on *ex parte* affidavits contradicting the denials of her answer.

Bill for divorce. Motion for alimony *pendente lite* and counsel fee. On petition and affidavits on both sides.

*Mr. A. Flanders*, for petitioner.

*Mr. F. Voorhees*, for complainant.

THE CHANCELLOR.

The bill is filed for a divorce on the ground that the defendant, at the time of her marriage to the complainant, had a husband living. She has answered the bill. By her petition she makes, under oath, all the denial which can

reasonably be required of her upon this application. The complainant has produced numerous affidavits to show that the petitioner's former husband was living when she married the complainant. To these she opposes affidavits. It is obvious that, on this motion for counsel fee and temporary alimony, the court ought not to undertake to dispose of the merits of the litigation upon *ex parte* affidavits. The complainant insists that the affidavits on his side demonstrate the truth of the allegations of his bill, and that the cases of *Ballentine* v. *Ballentine*, 1 *Hal. Ch.* 471; *Begbie* v. *Begbie*, 3 *Hal. Ch.* 98; *Dougherty* v. *Dougherty*, 4 *Hal. Ch.* 540; *Martin* v. *Martin*, *Id.* 563; *Glasser* v. *Glasser*, 1 *Stew.* 22, are therefore decisive of this application. In those cases the court, indeed, on such a motion as this, looked into the merits of the application as disclosed by the pleadings and affidavits, and was guided in the exercise of its discretion thereby. But those were all suits for maintenance. In *Glasser* v. *Glasser*, which was decided by me, I was not satisfied of the *bona fides* of the petitioner in bringing the suit. None of those cases was for a divorce *a vinculo*. The rule applied in them ought not to govern this case. Here the complainant admits the fact of marriage, but alleges that the marriage was invalid because, as he undertakes to prove, the defendant, at the time of her marriage to him, had a husband living. She swears that she had reason to believe, and still believes, that her husband was then dead. To adjudge *in limine*, upon *ex parte* affidavits, that the complainant will probably succeed, and therefore to withhold from the defendant the means of resisting the attack, would be substantially, to a certain extent, a prejudgment adverse to her on the merits without lawful evidence, the consequence of which might and probably would be that she would be unable to defend herself. A good defence might, by such means, be prevented, and a bad cause consequently succeed. In the suits for maintenance above referred to, the consequence of the adjudication of the court was to compel the complainant to return to her husband's house, to be sup-

ported there, or to await further developments in the cause by which it would appear to be more probable that her right to separate maintenance would be established, or at least the *bona fides* of her application be made to appear more satisfactorily. The defendant in this case is penniless, and unless this court provides her with the means of defence (which the complainant is abundantly able to furnish), she must go undefended.

The complainant will be ordered to pay a counsel fee of $50, and $5 a week for temporary alimony.